UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SHAWN COLWELL,

    Petitioner,

    v.       CAUSE NO. 3:20-CV-1050-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Shawn Colwell, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-20-5-335) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of possessing a weapon in violation of Indiana Department of Correction Offense 106. Following a disciplinary hearing, he was sanctioned with a loss of one hundred eighty days earned credit time and a demotion in credit class.

Colwell argues that he is entitled to habeas relief because the screening officer prevented him from requesting witness statements from his cellmate and from Captain Pickens. According to Colwell, both he and his cellmate were charged with possession of the same weapon. The hearing officer dismissed the cellmate's charge based on a statement from Captain Pickens, and Colwell declined to request evidence for his defense based on the screening officer's representation that Colwell's charge would be dismissed for the same reason. The Warden responds that Colwell does not explain how the witness statements would have affected the outcome of the hearing. He further

responds that the screening officer no longer works for the Indiana Department of Correction; that the cellmate has been released; and that neither Captain Pickens nor the hearing officer recall any relevant events. In reply, Colwell represents that Captain Pickens would have said that, based on his review of the surveillance video recording, a correctional officer had kicked the laundry bag containing the contraband in front of his cell.

"[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.* The record includes the screening report in which Colwell did not request any evidence to present at the hearing. ECF 1-3. It includes the hearing report in which Colwell told the hearing officer that his cellmate charge was dismissed and that the screening officer told him that his charge would be dismissed. ECF 10-5. It also includes the hearing report from his cellmate's charge in which the hearing officer dismissed the charge based on a statement from Captain Pickens. ECF 11-1 at 2.

The essence of Colwell's argument is that the screening officer denied him the right to present evidence when she incorrectly told him that his disciplinary charge would be dismissed. This statement led him to believe that no evidence would be necessary for his defense and to refrain from making any requests. Only Colwell's

2

statements directly support that the screening officer made this statement, but the totality of the administrative record, including the screening report, Colwell's hearing report, and the hearing report for his cellmate's charge, is consistent with Colwell's narrative. The cellmate's hearing report and the statements of the screening officer also suggest that a statement from Captain Pickens would have affected the outcome of the disciplinary decision. Additionally, the Warden has produced no evidence to dispute Colwell's narrative. Consequently, the court grants Colwell's request for habeas relied on the basis that he was denied the right to present evidence.

For these reasons, the habeas corpus petition is GRANTED. The Warden is ORDERED to file documentation by **November 1, 2021**, showing the guilty finding in MCF 20-5-335 has been vacated and the earned credit time restored.

SO ORDERED on October 4, 2021

s/ Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge
